LONG *v.* SCHROEDER. ·

1. WATERS AND WATERCOURSES — FLOWAGE RIGHTS — DAMS — EQUITY.

A bill of complaint showing that defendants have maintained for forty years a dam in a stream that flows through the lands of complainants; that the defendants are planning to raise the height of the dam and cause the complainants' land to be overflowed; the defendants admitting in their answer that their right to maintain the dam is based on prescription; that it has settled and that they purpose to reconstruct the dam at its original height, presents a case for a court of equity.

2. SAME—PRESCRIPTIVE RIGHTS.

Under the averments of the answer, defendants have no right to maintain the dam at a greater height than the old dam was at the commencement of suit.

3. SAME—PLEADING—SUPPLEMENTAL BILL.

It is unnecessary to file a supplemental bill to show that complainants after the commencement of suit completed the new dam at a greater height than the old one; the facts entitling the complainants to a decree requiring the reduction of the height of the new dam.

4. SAME—RELIEF—CONTEMPT—INJUNCTION.
  Nor is the sole relief of the complainants by contempt proceedings for disobedience of a preliminary injunction issued by the trial court.

5. SAME—EVIDENCE.
  That some of the complainants abandoned the suit was immaterial.

Appeal from Lenawee; O'Mealey, J.    Submitted June 29, 1910.    (Docket No. 82.)    Decided September 27, 1910.

Bill by John Long and others against William Schroeder and another to restrain defendants from increasing the height of a dam.    From a decree dismissing the bill, complainants appeal.    Reversed and remanded.

*Bird & Sampson,* for complainants.

*Westerman & Westerman* and *Smith, Baldwin & Alexander,* for defendants.

Nineteen owners of land joined in filing the bill of complaint in this cause.    The bill was filed October 23, 1906, and it is charged therein that for more than 40 years a dam had been maintained across the River Raisin outside of and near to the corporate limits of the village of Deerfield, the water being used to operate a mill or mills; that defendants, the owners of the mill property, on October 19, 1906, began to construct a new dam across the river just above the old dam and had so driven piling for the new dam, driven spikes into trees on opposite sides of the river, and had made such statements as to indicate the purpose and intention to build the new dam 20 inches higher than the old dam; that, if they should construct the new dam 20 inches higher than the old dam, complainants would be injured by the overflow of their lands, or of some of them, and, in any event, the drainage of the lands would be interfered with and proper and usual cultivation and use thereof prevented.    It was prayed that defendants be perpetually enjoined "from building the new

dam any higher than the old dam," and there was, also, a prayer for a temporary injunction and a prayer for general relief.   An order to show cause why a temporary injunction should not issue was made October 24, 1906, and incorporated therein was a further restraining order that defendants, until cause should be shown, refrain from constructing the new dam "higher than the old dam." Later, on November 7th, an answer was filed, and on the same day an order was made; the pertinent portion thereof reading:

"And after hearing the argument of counsel, and the admission of defendants' counsel that the defendants did not intend to construct the new dam any higher than the old dam now is, it is hereby ordered that said defendants * * * are hereby restrained from constructing said new dam any higher than the old dam now is. * * *"

The bill contains no statement of the right of defendants in the premises or of the height of the old dam other than the one that the old dam had for 40 years held back the water to a certain height, known and recognized by all persons owning land above the dam.   As to this, the answer, which was sworn to, denies that the old dam held the water to a certain height which had been maintained during said period of time, and alleges, upon information and belief, that the old dam had settled and was considerably lower than it had been in former years. It is denied that the spikes driven into trees and the piling already in place indicated an intention to construct a dam 20 inches higher than the old dam was when it was constructed, "or 20 inches higher than the old dam;" denied that any statements of such an intention had been made. But it is averred:

"That said dam was settled somewhat from the height to which it was when originally constructed; that their intention is to construct said dam as near as possible the same height that it originally was, but no higher than they have a lawful right to do, and deny that they intend to construct it 20 inches higher than the old dam, or any higher."

It is averred that, if the new dam is no higher than the old dam was when constructed, no injury to complainants would result. The cause stood on bill and answer until September 28, 1908, when a replication was filed, and meantime defendants constructed the new dam.

According to the printed record, the cause was brought on for hearing September 8, 1908, and testimony was taken, we assume, in open court. It is the contention of complainants that this testimony requires the finding that the new dam is considerably higher than the old dam, while defendants assert the contrary. After the testimony had been taken, and in March, 1909, complainants were given leave to file a supplemental bill, and they did file one which purports to set out the facts and circumstances, or some of them, occurring after the filing of the original bill, concerning the construction and height of the new dam and the effect thereof on complainants' lands. In the supplemental bill it is prayed that defendants be required to abate, or take down, the new dam to the height of the old dam. To this supplemental bill defendants demurred March 24, 1909, and filed an amendment to the demurrer on June 7, 1909. The demurrer was sustained and the supplemental bill dismissed. Later, on motion of defendants, all testimony was stricken out and the original bill was dismissed.

Further facts, relied upon by defendants, are that before the supplemental bill was filed, by stipulation filed in court January 23, 1909, 10 of the complainants withdrew from the case, only 2 of the 10 gave testimony, and that in behalf of defendants. The complainants and appellants contend:

*First.* That they were entitled to relief under the original bill.

*Second.* That the facts occurring after the filing of the original bill, and while the injunction was in force, were properly brought upon the record by the supplemental bill.

*Third.* That a decree should be entered requiring defendants to lower the dam so as to make it correspond in height with the old dam.

OSTRANDER, J. (*after stating the facts*). If complainants have, in fact, no grievance, other questions are unimportant. It is apparent from the facts which have been stated that the complainants admit, and the defendants assert, a prescriptive right. They do not assert that their predecessors in ownership of the mill or that they themselves ever acquired the right to flow the lands of upper proprietors in any different manner or to any greater extent than they were or would be overflowed by the dam in the condition it was when the bill was filed. The only difference between them, on this point, is that complainants charge a constant and long-maintained interruption to the flow of water caused by the old dam, while the defendants say that the old dam has settled, from which it is inferred, necessarily, that the interruption to the flow has not been constant and the overflow of lands caused thereby has been variable. It may be said that defendants concede, in the answer, that, if the new dam should be built higher than the old dam was as it was originally constructed, complainants would have a grievance which, if properly presented, a court of equity ought to relieve. We are of opinion, also, that the matter set up in the answer concludes defendants from claiming the right to maintain a dam any higher than the old dam was at the time the bill was filed. We are convinced that the new dam is higher than the old dam was at the time the bill was filed. In other words, we measure the rights of defendants as against those of complainants by the interruption to the flow of water caused by the old dam as it was when the suit was begun. We come therefore to the questions of pleading.

The court below was of the opinion that the remedy open to complainants was by proceedings for contempt; that the relief asked for by the supplemental bill was not consistent with the relief asked for in the original bill; that the complainants could not, by supplement, introduce the facts occurring since the filing of the original bill for the purpose of securing a mandatory decree for the

abatement of the new dam. It is said in the opinion of
the court:

"The facts stated and the relief asked thereon in the
supplemental bill is practically an abandonment of the
original bill and of complainants' rights and remedies un-
der it, and sets up a new substantive cause of action upon
which a decree might be made without connecting it with
the original bill."

Defendants did not seek a dissolution of the temporary
injunction, and did not, and do not now, question the
power of the court to allow it. After it was issued, there
remained the question of the right of complainants to a
decree making the injunction permanent and, perhaps, as
affecting the matter of costs, the question of defend-
ants' purpose and of complainants' justification for filing
the bill. We do not perceive how defendants' conduct
pending the hearing of the cause upon its merits did or
could change the issues. Complainants are not asking for
damages, but only for a decree requiring defendants to
maintain the new dam at a height corresponding with that
of the old dam—for relief by injunction. If entitled to
such relief when the original bill was filed, they are enti-
tled to it now. The fact that such relief can be afforded
now only by a decree requiring defendants to lower the
new dam is a fact for which defendants are alone respon-
sible. It is no other or different relief than was asked for
in the original bill, and it must be granted or denied upon
the facts which remain unaffected by defendants' conduct
pending the suit. In this view of the matter, it is im-
material that some of the complainants abandoned the
suit, or that some of them are willing the dam shall
remain as now constructed. It was not necessary to
bring upon the record, in the form of a supplemental bill,
the facts which were made to appear at the hearing re-
specting the violation by defendants of the preliminary
injunction and the necessity for a decree mandatory in its
form. We are, however, in some doubt concerning the
precise terms which ought to be incorporated in a manda-

tory injunction.    Unless counsel can agree about the precise dimensions to which the new dam should be reduced or the precise dimensions of the reduction which should be made in its height to make it correspond, substantially, to the height of the old dam, the record must be remanded, for this purpose, to the court below.

Complainants may, in any event, have the decree of this court for reversal of the decree below, for costs of both courts, and for a mandatory injunction in accordance with this opinion.

MOORE, BROOKE, BLAIR, and STONE, JJ., concurred.