LONG *v.* SCHROEDER.

WATERS AND WATERCOURSES—DAM—POWER RIGHTS—INJUNCTION. Where complainants filed their bill to enjoin defendants from constructing a dam of greater height than one which had previously existed in the stream, and the circuit court decreed, upon the case being remanded for additional testimony as to the height of the new dam, that it should be reduced ten inches in height, the judgment is affirmed on a consideration of the proofs offered.

Appeal from Lenawee; O'Mealey, J. Submitted January 11, 1916. (Docket No. 91.) Decided March 31, 1916.

Bill by John Long and others against William Schroeder and others for an injunction restraining defendants from increasing the height of a certain dam. From a decree for complainants, defendants appeal. Affirmed.

*J. N. Sampson* and *John A. Riley*, for complainants.

*Baldwin, Alexander & Russell, John O. Zabel*, and *Daniel R. Foley*, for defendants.

OSTRANDER, J. There is a dam in the river Raisin, near Deerfield, in this State, owned and maintained by defendants. In the year 1906 it was an old structure, and the owners, in October of that year, began the construction of a new dam just above the old one. Complainants filed the bill in this cause, charging that defendants proposed to build the new dam higher than the old dam, in which case their lands would be over-flowed, drainage thereof interfered with, and proper and usual cultivation prevented. Relief by injunction was asked for. Issue was joined, and after a hearing and after a supplemental bill had been filed, which set up that the new dam had been built higher than the old one, and its effects upon complainants' lands, the court dismissed the original bill. Upon appeal the decree was reversed. *Long* v. *Schroeder*, 162 Mich. 690 (127 N. W. 811). In the opinion filed in that case we said:

"It is apparent from the facts which have been stated that the complainants admit, and the defendants assert, a prescriptive right. They do not assert that their predecessors in ownership of the mill, or that they themselves, ever acquired the right to flow the lands of upper proprietors in any different manner or to any greater extent than they were or would be overflowed by the dam in the condition it was when the bill was filed. The only difference between them, on this point, is that complainants charge a constant and

long-maintained interruption to the flow of water caused by the old dam, while the defendants say that the old dam has settled, from which it is inferred, necessarily, that the interruption to the flow has not been constant, and the overflow of lands caused thereby has been variable. It may be said that defendants concede, in the answer, that if the new dam should be built higher than the old dam was as it was originally constructed, complainants would have a grievance which, if properly presented, a court of equity ought to relieve. We are of opinion, also, that the matter set up in the answer concludes defendants from claiming the right to maintain a dam any higher than the old dam was at the time the bill was filed. We are convinced that the new dam is higher than the old dam was at the time the bill was filed. In other words, we measure the rights of defendants as against those of complainants by the interruption to the flow of water caused by the old dam as it was when the suit was begun."

We also said:

"We are, however, in some doubt concerning the precise terms which ought to be incorporated in a mandatory injunction. Unless counsel can agree about the precise dimensions to which the new dam should be reduced or the precise dimensions of the reduction which should be made in its height to make it correspond, substantially, to the height of the old dam, the record must be remanded, for this purpose, to the court below."

No agreement being reached, the record was remanded, and there has been a further hearing, with the result that a mandatory injunction was granted requiring defendants to—

"within 90 days of the date of this decree, lower or caused to be lowered, that portion of the new dam between the 'spillway' and the flume, as above set forth, a uniform distance of 10 inches from its present height."

Defendants have appealed.

As when the cause was here before, so now, the question presented is one of fact. Upon this record, as upon the former record, mere vertical height of the new dam, in feet and inches, is not necessarily controlling. The learned trial judge, in an opinion filed in the cause, having in mind the controlling test where, as here, a prescriptive right of flowage is involved, found:

"That the new dam, excluding the weir and the flume, is 10 inches higher than the old dam was at the time of filing complainants' bill, measured by the extent of the interruption to the flow of water in the river, caused by the old dam as it existed when the suit was begun."

There is abundant testimony supporting this finding, as to the force and effect of which testimony we agree with the court below.

The decree is affirmed, with costs to appellees.

STONE, C. J., and KUHN, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred. BIRD, J., did not sit.